[No. 2,357.]

## THE PEOPLE v. RENFROW.

CHALLENGE OF JUROR.—A challenge of a juror in a criminal case must specify the particular ground of challenge. If for bias, it must state what kind of bias, and the particular cause from which such bias is to be inferred.

CHALLENGE TO JUROR FOR ACTUAL BIAS.—A challenge to a juror for actual bias must be entered on the minutes of the Court; and an application must be made to the Court to have triers appointed.

EXCEPTION TO RULING OF COURT.—When the Court overrules a challenge, and the prisoner excepts, the exception is to the decision overruling the challenge, and not to the right of the Court to decide the question at all.

INADMISSIBLE EVIDENCE.—Where a party on trial for murder offered to prove that the deceased had said, in conversation some three years before the killing, that he had enemies in the county who, he was afraid, would take his life: held, that the evidence was properly excluded.

APPEAL from the District Court, Seventh Judicial District, Sonoma County.

The facts are stated in the opinion of the Court.

*William Ross*, for Appellant.

Attorney General *Jo Hamilton* and *O. P. Overton*, for the People.

By the Court, WALLACE, J.:

The appellant was convicted of the crime of murder in the first degree, in the alleged killing of Johnson Wilson, and sentenced to be executed.

On the trial, Stewart, being under examination as to his competency as a trial juror, stated that he had heard all about the case—all about the circumstances of the case; that he didn't know that he had formed any opinion as to the guilt or innocence of the prisoner. He was then asked the question: "Could you now, after hearing what you have, serve on this jury without any partiality?" He answered: "I do not think that I could." Thereupon the counsel for prisoner said: "We challenge the juror." District Attorney: "We deny the challenge." The Court: "The challenge is overruled." Prisoner's counsel: "We except to the ruling of the Court." Another of the prisoner's counsel here added: "We object to the juror on the ground of positive bias." Stewart was then peremptorily challenged by the prisoner.

The challenge, as here interposed, is general in its terms; it specifies nothing whatsoever. The language is, "We challenge the juror." For what? If for actual bias, the Court could not determine it, but must appoint triers for that purpose. If for implied bias, it was the duty of the Court itself to decide upon the objection. When a prisoner intends to exercise his right of challenge under the statute, he is bound to designate, in some way, the objection upon which it is his purpose to rely. He is not to be permitted to interpose a challenge of such an indefinite character that it cannot be ascertained if it be for implied bias or for actual bias, nor whether its truth is to be determined by the Court itself or by triers appointed for that purpose.

In the case of *The People* v. *Reynolds*, 16 Cal. 130, the challenge was more specific than in the case at bar; it purported to be for implied bias. Yet it was held insufficient,

because it did not specify any one of the causes enumerated in Section 347 of the Criminal Practice Act.   Said the Court: "Unless the cause be alleged, the challenge may be disregarded by the Court.   It is not enough to say: 'I challenge the juror for implied bias,' and then stop.   The particular cause from which such bias is to be inferred must be stated. Such was the rule of the common law, and such is the direction of the statute of this State."

If we are to consider the challenge as made for implied bias, it was properly overruled by the Court, because no one of the several grounds for challenge of that character was made to appear, and it is evident that the challenge was intended to be for implied bias only, for the Court was permitted to decide upon its sufficiency, without objection.   It is true that the prisoner excepted to the decision of the Court, but this was an exception to the particular decision, as made in denying the challenge, and not an objection to the right of the Court to decide the question at all.   The remark made by one of the counsel for the prisoner, after the challenge had been overruled and an exception taken, that he objected to the juror "on the ground of positive bias" (by which we understand him to have meant actual bias), goes for nothing, because it was not passed upon by the Court below nor insisted upon by the counsel; nor, so far as appears, even called to the attention of the Court; nor was any exception based upon it.   A party who intends to interpose a challenge for actual bias must allege that the juror is biased against him, and the challenge must be entered on the minutes of the Court. Upon the entry of such a challenge upon the minutes of the Court, its duty is pointed out by the statute, and a failure to pursue it would undoubtedly be erroneous.   But when no such challenge is made or entered, and no application to the Court to have the necessary triers appointed, a party cannot complain here, even if he show a state of facts upon

which the juror probably would have been excluded by the triers, if they had been appointed.

The evidence upon which the verdict was found was mainly, if not altogether, circumstantial. No witness was produced who saw the prisoner shoot the deceased. We have carefully examined it, and we are satisfied that the Court below did not err in refusing to set aside the verdict as being contrary to the evidence. The offer of the prisoner to prove that the deceased had said, in a conversation some three years before his assassination, that he had enemies in the county who, he was afraid, would take his life, was properly excluded as being too remote. But we do not intend to be understood as intimating that the statement of the deceased, upon that point, would have been admissible, under the circumstances of this case, even if made recently before his death.

The instructions of the Court, given to the jury at considerable length, presented the principles of law applicable to the case with remarkable perspicuity; indeed, there is no complaint made here on the part of the prisoner that any instruction was improperly given or refused by the learned Judge of the Court below.

We see no error in the record, and the judgment is, therefore, affirmed.