Neither Mr. Justice Rʜᴏᴅᴇs nor Mr. Justice Nɪʟᴇs expressed an opinion.

---

[No. 10,096.]

## THE PEOPLE v. DANIEL BUCKLEY.

Vᴇʀᴅɪᴄᴛ ɪɴ Cʀɪᴍɪɴᴀʟ Cᴀsᴇ.—"We the jury agree that the defendant is guilty of murder in the second degree " is a good verdict, both in substance and form.

Cʜᴀʟʟᴇɴɢᴇ ᴛᴏ Jᴜʀᴏʀ.—A challenge to a juror for implied bias must specify the grounds of the challenge.

Aᴘᴘᴇᴀʟ from the District Court, Second Judicial District, County of Tehama.

The defendant was indicted for the crime of murder. The jury returned into Court with the following verdict: "We, the jury, agree that the defendant is guilty of murder in the second degree." The defendant appealed.

The other fact is stated in the opinion.

*Lewis O. Garter*, for the Appellant, argued that as the title of the cause was surplusage, (*People* v. *Ah Kim*, 34 Cal. 189,) that the verdict did not designate what defendant it refer-

red to, and that it was necessary for the jury to find, as they might agree and yet not render a verdict, and cited Penal Code, Sec. 1,162.

*John L. Love*, Attorney-General, for the People, argued that the entire record showed who the defendant was, and that the words "agree" and "find" were synonymous terms, and that, under Sec. 1,151 of the Penal Code, the word "guilty" alone was a good verdict.

By the Court, McKINSTRY, J.:

The verdict is good. When the jury "agree" they "find" if they return their agreement into Court. The verdict would have been sufficient if it had been simply "Guilty of murder in the second degree."

The defendant challenged a juror thus: "I challenge the juror for implied bias." This was not a proper specification of the grounds of challenge. (*People* v. *Reynolds*, 16 Cal. 130; *People* v. *Renfrow* 41 Cal. 37.)

Judgment and order affirmed.

Neither Mr. Justice CROCKETT nor Mr. Justice RHODES expressed an opinion.