THE STATE OF IOWA, Appellee, v. W. C. WOODWARD, Appellant.

1. **Change of Venue:** APPLICATION: CONFLICT OF EVIDENCE. Where the evidence in support of an application for a change of venue is shown, the decision of the trial court will not be reversed upon appeal unless an abuse of the discretion of the lower court is shown.

2. Assault with Intent to Commit Murder: EVIDENCE: NATURE OF INJURY. Upon a trial under an indictment for an assault with intent to commit murder, it is competent to show, by a surgeon who has examined the wound inflicted, the probability of the wound producing death.

3. ——: ——. It appeared from the evidence that one G., the subject of the assault, slapped the accused, and that the latter then retired to another part of the room, followed by G., where the conflict was continued. *Held*, that the prosecution was properly permitted to ask a witness, who described the fight, whether "in this last racket" he saw the defendant strike G.

4. ——: INTENT: EVIDENCE. The intention of a person charged with the commission of a crime need not be shown by direct proof, but may be *inferred* from what such person did and said, and from all the acts and circumstances accompanying the alleged wrongful act.

5. ——: INSTRUCTIONS TO JURY. Upon the trial of one charged with an assault with intent to commit murder, it is proper for the court, in its instructions to the jury, to define the crimes of murder and manslaughter.

6. ——: ——: SELF-DEFENSE. Where in such a case the evidence shows that the conflict between the accused and the person injured was mutual, it is not necessary that the court instruct the jury upon the doctrine of self-defense.

7. Practice: MISCONDUCT OF COUNSEL: APPEAL: RECORD. A cause will not be reversed in the supreme court because of alleged misconduct of counsel before the jury, when the only showing that the matter complained of did occur is the affidavit filed in support of such ground for a new trial, and the counter affidavit of opposing counsel.

*Appeal from Decatur District Court.*—HON. JOHN W. HARVEY, Judge.

FRIDAY, DECEMBER 18, 1891.

THE defendant was indicted and convicted for an assault with intent to commit murder. He now appeals to this court.—*Affirmed.*

*McIntire Bros. & Jameson,* for appellant.

*John Y. Stone,* Attorney General, and *Thomas A. Cheshire,* for the State.

BECK, C. J.—I. The defendant presented his petition in due form to the district court, asking for a change of venue of the cause to another county, which was supported by the affidavits of a large number of residents of the county, tending to show prejudice against the defendant by the people thereof to such an extent that the defendant could not have a fair trial therein. A counter showing, contradicting the affidavit of the defendant by nearly an equal number of residents of the county, tends to establish that there is no prejudice in the county against the defendant to their knowledge, and that in their belief he could obtain a fair trial therein. The application for the change of venue was addressed to the sound discretion of the court, and the decision thereon will not be disturbed unless it be clearly shown that this discretion has. been abused. Code, sec. 4374, and cases cited in notes by Miller and McClain. There is no showing justifying the conclusion that the discretion of the court was improperly exercised in refusing this application.

*1. CHANGE of venue: application: conflict of evidence.*

II. A witness, a surgeon, who examined the wound inflicted by the defendant upon another, which constitutes the crime for which he was indicted, was asked and permitted to answer, over the defendant's objection, this question: "What is the probability of the wound producing death?" He replied that the wound had cut the femoral artery and femoral vein, and was very dangerous, and would have produced death in a very few minutes, if the flow of blood had not been stopped very shortly. The character and locality of the wound would to some extent seem to indicate the intent of the defendant in inflicting it, as the weapon used will in some degree disclose that intent. If the wound is in a vital part, and for that reason was dangerous, and would speedily produce death, it was proper to show these facts in order to enable the jury to determine

*2. ASSAULT with intent to commit murder: evidence: nature of injury.*

the question of intent. The evidence was, therefore, rightly admitted.

III. A witness who described the fight between the defendant and the person who was stabbed was asked and permitted to answer this question:
3. —: —.     "Now, in this last racket, did you see defendant strike Gardner" [the person who was stabbed]? The ground of objection to this question is that there was no proof that there was a second "racket," using the word in the sense of a fight, quarrel or contest. The evidence shows that Gardner, at the beginning of the difficulty, slapped the defendant with his hand, who thereupon retired to another part of the room, pursued, as some witnesses testify, by Gardner. The conflict was there renewed, which is referred to in the question as the "last racket." It is difficult to say from the evidence that there were two conflicts, but it is very plain that the defendant had retired after he was slapped, and the violence was renewed in another part of the house. The question and answer refer to this renewal, designating it as the "last racket." We think the words are not to be understood as expressing the thought that there were in fact two distinct fights or contests. The evidence elicited by it was proper.

IV. An instruction to the jury is to the effect that the intent of a criminal act need not be shown by direct proof, but may be inferred from what the party does and says, and from all the circumstances and acts accompanying the crime. Counsel insist the instruction is erroneous from the use of the word "inferred" in place of which the word "shown" should have been used. Intent is usually, if not always, established by inquiries from the environing acts and circumstances, and rarely, if ever, by direct proof. The instruction is correct.

V. The court, in brief language, defined the crimes of murder and manslaughter. Counsel insist that the

5. ———:
instructions
to jury.
instructions should not have been given, and are therefore erroneous, for the reason that the defendant was not charged with these crimes. But he was charged with the intent to commit murder, and could have been convicted of an assault with intent to commit manslaughter. It is plain that, to enable the jury to find for what offense the defendant should have been convicted under the evidence, they were properly informed as to what constituted the crimes of murder and manslaughter.

VI. Counsel criticise the language and manner of other instructions, rather than point out errors therein, and others are complained of without specific objections thereto. These criticisms and complaints demand no further attention.

VII. Counsel think the jury should have been instructed upon the doctrine of self-defense. We think

6. ———: ———:
self-defense.
the evidence demands no such instruction, as it was plainly the case of a mutual conflict, the injured · party probably being the first aggressor. But, if counsel thought such instruction ought to have been given, he should have asked for it, and cannot now complain on the ground that none were given.

VIII. Counsel complain of misbehavior of the prosecuting attorney in presenting matters in his argu-

7. PRACTICE:
misconduct of
counsel:
appeal:
record.
ment which ought not to have been referred to by him. This objection was made a ground for a new trial, and the charges upon which it is based are stated in an affidavit of one witness. The court does not certify to the fact that the matter complained of did occur. There is no showing whatever in the record as to this matter, except what is found in the affidavit supporting this ground for a new trial, and a counter affidavit of the county attorney. We cannot presume that the allegations of fact in the affidavit were not overcome by other showing made to the court, but will presume that.

it was, in the absence of a bill of exceptions or certificate of the judge showing the contrary.

In our opinion, the evidence sufficiently supports the verdict of the jury. The judgment of the district court will therefore be AFFIRMED.