[Crim. No. 463.   Department One.—January 19, 1899.]

## THE PEOPLE, Respondent, v. GEORGE TEIXEIRA, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—EVIDENCE—ASSAULT UPON THIRD PERSON—RES GESTAE.—Upon a charge of an assault upon a person named, with intent to commit murder, evidence of an assault upon and pursuit of a third person, which was part of the same affray, and of the *res gestae*, is admissible; and it is immaterial that such assault and pursuit was immediately subsequent to the assault charged, and not prior thereto, or at the same moment therewith.

ID.—ORDER OF PROOF—EVIDENCE IN CHIEF ALLOWED IN REBUTTAL—DISCRETION.—It is a matter largely in the discretion of the court to allow the prosecution to introduce some evidence in rebuttal, which it should have introduced in chief; and its ruling will not be disturbed on appeal, where no abuse of discretion is disclosed.

ID.—PROTECTION OF PROPERTY—INSTRUCTION.—A person is entitled to use only such amount of force in the defense of property lawfully in his possession as is necessary for the protection of the property; and a requested instruction justifying the assault made by the defendant if he was engaged in the defense of property lawfully in his possession, without placing any limit upon the amount of force which the defendant might use in defense of such property, is properly refused.

APPEAL from a judgment of the Superior Court of Tulare County and from an order denying a new trial. Wheaton A. Gray, Judge.

The facts are stated in the opinion of the court.

C. G. Lamberson, and C. L. Russell, for Appellant.

William F. Fitzgerald, Attorney General, W. H. Anderson, Assistant Attorney General, and Henry E. Carter, Deputy Attorney General, for Respondent.

GAROUTTE, J.—Defendant has been convicted of assault with intent to commit murder. The substantial facts giving rise to the charge are as follows: Defendant was in the possession of a certain lot of hogs which he held for trespass. These hogs were the property of Williams. Williams and one Manuel in a vehicle drove up to the corral where the hogs were confined, and there met the defendant Teixeira. Williams alighted from the vehicle, words arose between him and the defendant, and thereupon he, Williams, was struck by a club in the hands of the defendant, who immediately thereafter also attempted to assault Manuel. Manuel at once drove away, although pursued some distance by defendant. Defendant is now charged and convicted of assaulting Williams with intent to commit murder. It may be conceded that the evidence we have stated is that most favorable to the support of the verdict of the jury.

Counsel for defendant insist that the court improperly admitted the evidence bearing upon the attempted assault upon Manuel, but it is perfectly apparent that the assault upon Manuel was part of the same affray. It was essentially *res gestae.* The fact that Williams was first the subject of the assault, rather than Manuel, is immaterial. The case would have been the same if the order of assault had been reversed. (See *People v. Wong Ark,* 96 Cal. 129, as to what constitutes *res gestae.*) The facts in *People v. Lane,* 100 Cal. 379, are not at all analogous. It was there held that the second shooting was no part of the first shooting, and therefore no part of the *res gestae.*

It is claimed that the court committed error in allowing the prosecution to introduce some evidence in rebuttal which should have been introduced in chief. This is a matter resting largely in the discretion of the trial court. Certainly no abuse of that discretion is disclosed here.

Error is predicated upon the refusal of the court to give the following instruction: "If the defendant at the time of the alleged assault was engaged in the defense of property lawfully intrusted to his care, and which it was his duty or his right to maintain the possession of, the assault was justified, and you should acquit him." This instruction places no limit upon the amount of force which the defendant might use in the defense

of the property in his possession. In law he was only entitled to use that amount of force necessary for the protection of his property. The instruction fails to make the distinction. The correct principle of law was stated in another portion of the charge. There is no substantial merit in the appeal.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., and Van Dyke, J., concurred.