[Crim. No. 1449. In Bank.—August 31, 1908.]

## THE PEOPLE, Respondent, v. FRANCISCO QUIJADA, Appellant.

CRIMINAL LAW—SUSTAINING DEMURRER TO INDICTMENT—REMAND OF PRISONER TO AWAIT ACTION OF SUBSEQUENT GRAND JURY—DISMISSAL OF PROSECUTION.—Section 1382 of the Penal Code, providing, in effect, that the court, unless good cause to the contrary is shown, must order a prosecution to be dismissed when a person has been held to answer for a public offense, if an indictment is not found or information filed against him within thirty days thereafter, has no application to a case where a demurrer to an indictment has been sustained and the prisoner remanded to custody to await the action of a subsequent grand jury.

ID.—ORDER DISCHARGING PRISONER ON HABEAS CORPUS—BAR OF SECOND INDICTMENT.—An order directing the discharge of such prisoner, made in *habeas corpus* proceedings, before the second indictment had been returned, does not amount to a formal dismissal of the charge, nor is it a bar to the second indictment; and, moreover, the direction that the case be submitted to another grand jury prevented an order of dismissal from operating as a final judgment and bar to further prosecution.

ID.—COMPETENCY OF GRAND JUROR—TRIAL JUROR DISCHARGED WITHIN YEAR.—Under subdivision 3 of section 199 of the Code of Civil Procedure, a trial juror who has been discharged within a year is not rendered incompetent to sit upon a grand jury.

ID.—PROOF OF CITIZENSHIP AND NATURALIZATION.—Objections to grand jurors that they were aliens may be overcome by proof of their naturalization and citizenship, which may be established by the admission in evidence of the judgments of naturalization and by a showing of their exercise of the rights and duties of citizenship.

ID.—ASSAULT WITH DEADLY WEAPON BY LIFE PRISONER—DEATH PENALTY—CONSTITUTIONAL LAW.—Section 246 of the Penal Code, imposing the death penalty upon a person guilty of an assault with a deadly weapon while undergoing a life sentence in the state prison, is constitutional.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order refusing a new trial. E. C. Hart, Judge.

The facts are stated in the opinion of the court.

W. H. Renfro, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HENSHAW, J.—Defendant was indicted by the grand jury of the county of Sacramento for an assault with a deadly weapon with malice aforethought, while undergoing a life sentence in the state prison at Folsom—an offense defined by section 246 of the Penal Code. He was tried and found guilty and the death penalty was imposed. He has appealed from the judgment and from the order denying his motion for a new trial.

The defendant was tried under an indictment found and returned on the tenth day of August, 1905. He had been indicted by a previous grand jury on the eleventh day of April, 1905. His demurrer to this earlier indictment was sustained, and the court being of the opinion that the objection upon which the demurrer was founded could be obviated, directed the submission of the matter to another grand jury. This order was made upon the twenty-sixth day of June, 1905, so that more than thirty days elapsed between that date and the day upon which the second indictment was returned. Prior to the finding of the latter indictment the defendant moved the court for an order discharging him from the custody of the sheriff of Sacramento County and directing that he be returned to the custody of the warden of the state prison at Folsom, upon the ground that no indictment had been returned against him within thirty days. He renewed this same application in different form upon the trial, basing it upon section 1382 of the Penal Code, to the effect that the court, unless good cause to the contrary is shown, must order the prosecution to be dismissed when a person has been held to answer for a public offense if an indictment is not found or information filed against him within thirty days thereafter. The court denied the motion, and properly. In the first place, good cause was shown, it being established that an important witness, Jolly, was unable to attend the session of the grand jury and give his evidence earlier than he did. But the section itself has no application to a case such as this, where a demurrer to an indictment has been sustained and the prisoner remanded to custody to await the action of a subsequent grand jury. It was decided, as to a second information, in *People* v.

*Lee Look,* 143 Cal. 221, [76 Pac. 1028], that the thirty-day
provision had no application, and the same rule pertains to a
second indictment. (See, also, *People* v. *Lundin,* 120 Cal. 311,
[52 Pac. 807].) It appears that the court, upon a writ of
*habeas corpus,* discharged the defendant from the custody of
the sheriff of Sacramento County and remanded him to the
custody of the warden at Folsom before the second indictment
had been returned. It is contended that this order amounts
to a formal dismissal of the charge, and is a bar to the second
indictment. But this is in direct conflict with the provision
of section 1387 of the Penal Code, and, moreover, a direction
of the court that the case be submitted to another grand jury
prevents an order of dismissal from operating as a final judg-
ment and bar to further prosecution. (Pen. Code, sec. 1008;
*People* v. *Clarke,* 42 Cal. 623; *People* v. *Breen,* 130 Cal. 75,
[62 Pac. 408]; *People* v. *Kerrick,* 144 Cal. 46, [77 Pac. 711];
*People* v. *Smith,* 143 Cal. 597, [77 Pac. 449].)

The motion to dismiss was, therefore, properly denied. Ap-
pellant contends that a grand juror, Thomas Waite, was incom-
petent to act as a grand juror for the reason that he failed
to possess the qualifications prescribed by subdivision 3 of sec-
tion 199 of the Code of Civil Procedure, in that he had been
discharged as a trial juror within the year. This was not one of
the grounds of his motion to set aside the indictment or to
dismiss, and, in strictness, is not entitled to consideration upon
this appeal (*People* v. *Renfrow,* 41 Cal. 39; *Shields* v. *State,*
149 Ind. 400, [49 N. E. 351]; *Southern Pacific Co.* v. *Rauh,*
49 Fed. 701, [1 C. C. A. 416]), but owing to the extreme
gravity of the case, appellant's proposition may be considered
upon its merits. Subdivision 3 of section 199 of the Code of
Civil Procedure, touching the incompetency of jurors, declares
that, "A person is not competent to act as a juror . . . 3. Who
has been discharged as a juror by any court of record in this
state within a year, as provided in section 203 of this code,
or who has been drawn as a grand juror in any such court and
served as such within a year, and been discharged." This pro-
vision seems to have reference to the incompetency of one to act
as a trial juror, and renders incompetent to serve on a trial jury
either a trial juror who has served and been discharged within
a year, or one who has served as a grand juror; but if it does
render incompetent to sit upon a grand jury a trial juror

who has been discharged within the year, this fact does not affect the validity of the indictment. (*Ex parte Ruef*, 150 Cal. 665, [89 Pac. 605].) Appellant's further objection to certain of the grand jurors that they were aliens was overcome in each instance by evidence of their naturalization and citizenship. This proof was established by the admission in evidence of the judgments of naturalization and by a showing of their exercise of the rights and duties of citizenship. (*People* v. *Freeland*, 6 Cal. 98; *People* v. *Roberts*, 6 Cal. 215; *Boyd* v. *State of Nebraska*, 143 U. S. 178, [12 Sup. Ct. 375]; *Nalle* v. *Fenwich*, 4 Rand. (Va.) 585; *Providence Gold Mining Co.* v. *Burke*, 6 Ariz. 323, [57 Pac. 641].)

The last point urged by appellant is that section 246 of the Penal Code is unconstitutional. The arguments advanced in support of this proposition received due consideration by this court in *People* v. *Finley*, 153 Cal. 59, [94 Pac. 248], and it was there decided that the law is constitutional. We perceive no reason to change our views upon this question.

The judgment and order appealed from are therefore affirmed.

Shaw, J., Lorigan, J., Angellotti, J., and Sloss, J., concurred.