[Crim. No. 325.   First Appellate District.—July 31, 1911.]

# THE PEOPLE, Respondent, v. ABRAHAM KAFOURY, Appellant.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON WITH INTENT TO MURDER—EVIDENCE—LOCATION AND CHARACTER OF WOUND.—Upon a prosecution for an assault with a deadly weapon with intent to murder the prosecuting witness, such witness was properly allowed to testify as to the location, nature and serious effect of the wound inflicted by one of the shots fired by the defendant, as evidencing the intent to murder such witness.

ID.—SPECIFIC INTENT TO KILL AN ESSENTIAL ELEMENT OF CRIME CHARGED.—A specific intent to kill is an essential element of the crime of an assault with a deadly weapon with intent to commit murder.

ID.—INTENT TO KILL A QUESTION OF FACT—RELEVANT EVIDENCE.—The intent to kill is a question of fact to be determined from all the

circumstances of the case; and in determining such question, the nature of the assault and the location and character of the wound inflicted are relevant and competent evidence of the intent necessary to support the charge made.

ID.—EVIDENCE OF PHYSICIAN AS TO RESULTING MISCARRIAGE FROM BRUTAL ASSAULT AFTER SHOT—RES GESTAE.—The evidence of a physician as to the miscarriage of a child as the result of a brutal assault immediately after the shooting was competent to show the brutal and inhuman treatment by defendant of the prosecuting witness, as part of the *res gestae* of the crime charged, and as tending to show the malicious intent with which the shot was fired, and an abandoned and malignant heart from which the law implies malice.

ID.—EVIDENCE—PERMANENT LAMENESS AS RESULT OF SHOT.—Where the shot fired passed through the thigh bone of the prosecuting witness, evidence was admissible to show that it resulted in the permanent lameness of the prosecuting witness, as tending to show the deadly force and violence of the shot fired at her by the defendant.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Burton J. Wyman, for Appellant.

U. S. Webb, Attorney General, for Respondent.

LENNON, P. J.—The defendant was convicted of the crime of assault with a deadly weapon with intent to commit murder, and takes this appeal from the judgment and the order of the court denying his motion for a new trial.

The defendant did not offer himself as a witness, and the case was submitted to the jury upon the evidence produced by the people in support of the charge contained in the information. That evidence conclusively established a brutal, unprovoked and murderous assault with a deadly weapon by the defendant upon the person of his sister in law, Mrs. Hadley Kafoury. Not a single circumstance tending to excuse or mitigate the crime is revealed in the record before us.

The record shows that the defendant, who, for several months prior to the commission of the crime, had resided in the home of his brother in the city of Oakland, fired three

shots from a pistol at the complaining witness. The first shot struck her in the hip a little below the waist line and shattered the bone. It was not due to any fault or lack of effort on the part of the defendant that he failed in his purpose to kill, but rather to the courage of the woman, who, upon the first shot being fired, grappled with the defendant in an endeavor to disarm him. During the struggle for the weapon the defendant fired two more shots without effect. At this juncture the complaining witness secured partial control of the weapon, and thereupon the defendant dragged her into an adjoining room, where he threw her to the floor and then, with his knees upon her chest, choked her until she lost consciousness. The defendant was prevented from executing his announced intention of killing the woman by the interposition of neighbors who were attracted to the premises by the screams of her children.

The complaining witness, over the objection of the defendant, was permitted to testify as to the location, nature and effect of the wound inflicted upon her by one of the shots fired at her. There was no error in this. A specific intent to kill is an essential element of the crime of assault with a deadly weapon with intent to commit murder. The intent in such a case, as in all criminal cases where intent is an ingredient of the crime charged, is a question of fact to be determined from all the circumstances of the case. The nature of the assault, and the location and character of the wound inflicted, are relevant and competent evidence of the existence of the intent necessary to support a charge of assault with a deadly weapon with intent to commit murder. (*Jowell* v. *State*, 44 Tex. Cr. 328, [71 S. W. 286]; *State* v. *Woodward*, 84 Iowa, 172, [50 N. W. 885]; *King* v. *State*, 21 Ga. 220; *State* v. *Grant*, 144 Mo. 56, [45 S. W. 1102]; *Williams* v. *Commonwealth*, 19 Ky. Law Rep. 1427, [43 S. W. 455].)

Dr. E. A. Majors, the physician who attended the complaining witness immediately after the assault, was permitted, against the objection of the defendant, to testify that at the time of the assault upon the woman she was three months with child, and as the result of the assault suffered a miscarriage. The defendant's motion to strike out this testimony was denied. We think, under the peculiar circumstances of this case, that the rulings of the trial court

admitting this evidence may be sustained upon the theory
that the nature of the assault, the circumstances under which
it was perpetrated, and the consequences resulting therefrom,
were relevant and competent evidence.

The assault in this case was composed of a variety of in-
cidents and results so intimately connected and blended with
the use of a deadly weapon in the first instance as to make
all or any one of them a part of the *res gestae,* and all or
any one of those incidents and results were relevant and
competent if they tended to elucidate, even in the slightest
degree, the principal fact in issue, namely, the intent of the
defendant to kill. The atrocity of the assault is some evi-
dence of a malicious intent to kill. The words "malice" and
"maliciously " import a wish to injure another, or an intent
to do a wrongful act, established either by proof or presump-
tion of law (Pen. Code, sec. 7, subd. 4) ; and the law presumes
malice when the circumstances of the crime indicate that it
proceeded from the promptings of an abandoned and malig-
nant heart. In the case at bar the effect and consequences
of the double assault committed upon the complaining wit-
ness indicate the force and violence of the assault, which
in turn manifests in some degree the intent with which the
crime was committed. No question was raised, and none
could have been successfully raised, at the trial as to the
right of the people to show, as they did in this case, that,
as the result of the shooting the thigh bone of the complain-
ing witness was shattered, and that she was and would be
permanently lame in her walk. This was an incident arising
immediately out of the commission of the crime, which tended
to show the deadly force and violence of the shot fired at the
complaining witness. The second assault and all of its at-
tendant circumstances were essentially a part of the *res gestae*
of the first assault, and therefore we take it that the result
and consequences of the second assault were equally as ad-
missible as a part of the *res gestae* as the result and conse-
quences of the first assault. It was doubtless upon this theory
that the supreme court of Texas affirmed the case of *Jowell*
v. *State,* 44 Tex. Cr. 328, [71 S. W. 286]. That was a case
where the charge was an assault with the intent to commit
murder; and during the trial the physician who attended the

16 Cal. App.—46

assaulted person testified in effect that said person was in a very serious condition and might never recover, and that his right arm was paralyzed. The objection was made there that the evidence of the subsequent paralysis of the prosecuting witness was immaterial and irrelevant and shed no light upon the issues of the case, but the supreme court, in disposing of the point, said: ''The description of the wound, the location of the ball and the production of paralysis were undoubtedly admissible.''

The judgment and order appealed from are affirmed.

Hall, J., and Kerrigan, J., concurred.