[Crim. No. 1480. First Appellate District, Division Two.—October 22, 1928.]

THE PEOPLE, Respondent, v. JOHN ROSS ˙BODEY, Appellant.

John J. Taaffe for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was convicted of violating section 288 of the Penal Code. He made a motion for a new trial, the motion was denied and he has appealed from the order and from the judgment of conviction.

We will discuss all of the points made by the defendant but not in the order stated in his brief.

When instructing the jury the trial court read to it a charge containing nineteen paragraphs. Among others were the following:

XI. "Testimony has been permitted by the court tending to prove other alleged acts of lewd and lascivious conduct of the defendant toward said Eleanor Torosian prior to the alleged act charged in the information. This evidence was permitted to be introduced for the purpose, and only for the purpose of proving lewd and lascivious disposition and tendency of the defendant to commit lewd and lascivious acts. This evidence is not introduced to prove distinct offenses and the defendant is not on trial for any such other alleged acts, other than are set forth in the information.

XII. "If from all the evidence you are satisfied to a moral certainty beyond a reasonable doubt that on or about the first day of May, 1927, in the City and County of San Francisco, the defendant John Ross Bodey did commit lewd and lascivious conduct upon and with the body and members of one Eleanor Torosian, then and there a female child of about ten years of age, as charged in the information, then it is your duty to return a verdict finding the defendant guilty.

XIII. "If from all the evidence you are satisfied to a moral certainty beyond a reasonable doubt that the defendant did not commit the alleged acts charged in the information, then it is your duty to return a verdict finding the defendant not guilty.

XIV. "If from all the evidence you entertain a reasonable doubt whether or not the defendant did commit the alleged acts charged in the information, then it is your duty to return a verdict finding the defendant not guilty.

XVIII. "The fact that the court has instructed you upon certain phrases of law is not to be deemed by you that the court necessarily feels that such instructions are

necessarily applicable to the case. If from the facts you find that any such instruction is not applicable to the case, then it is your duty to ignore such instruction."

The defendant contends that the court erred in its failure to elect and specify in its instructions to the jury a single or specific crime out of several, shown by the evidence to have been committed on or about the first day of May, 1927. The question arises in this manner. The prosecutrix testified to seven separate acts on the afternoon of the first day of May, 1927. The information specified an act committed "on or about the the 1st day of May, 1927." The district attorney did not elect to stand· on any one specific act of the seven acts testified to. The defendant made no request that an election be made. The court gave the jury instruction XI, *supra*, and did not give any other instruction regarding an election. The defendant claims that the trial court erred because it did not of its own motion specify a specific act out of the seven acts or require the district attorney to do so. He cites and relies on *People* v. *Hatch*, 13 Cal. App. 521 [109 Pac. 1097], and *People* v. *Martinez*, 57 Cal. App. 771 [208 Pac. 170]. Neither case is in point under the facts. Every one of the acts testified to by the prosecutrix was, she testified, committed on the same afternoon, on the same couch, in the same basement, of the same house, by the same person on the same person. Under these circumstances the prosecution's case rested on the first act mentioned by the prosecutrix. The facts showed one transaction and all of the facts recited were of the *res gestae*. (*People* v. *Kafoury*, 16 Cal. App. 718 [117 Pac. 938]; *People* v. *Gilmore*, 17 Cal. App. 737 [121 Pac. 697]; *People* v. *Cornell*, 29 Cal. App. 430 [155 Pac. 1026]; *Renfroe* v. *State*, 84 Ark. 16 [104 S. W. 542, 544].)

The defendant quotes instruction XIII, *supra*, and claims it is error. It is not. It is unquestionably sound as far as it goes. But it does not go as far as the defendant is entitled to have it go. However, in the very next instruction, XIV, *supra*, the court stated the rule as clearly and as broadly as the defendant could possibly ask. The verdict of the jury shows that in the minds of the jurors the case of the defendant did not fall under either instruction, but did fall under instruction XII, *supra*, which is

not questioned as being sound in law. The argument of the defendant assumes that the instruction, XIII, was worded as follows: "If from all of the evidence you are *not* satisfied to a moral certainty beyond a reasonable doubt that the defendant did not commit the alleged acts charged in the information, then it is your duty to return a verdict finding the defendant guilty." Had it been so worded it would have been erroneous for many reasons and would have created a conflict. However, it will be noted at once that the instruction as given contained no conflicts.

■ Finally, the defendant complains because the court gave instruction XVIII, *supra*. The complaint is not without merit. The instruction should not have been given. In some cases it might lead to confusion and perhaps to a greater degree of error. But in the instant case we cannot say that it did any harm. In the instruction immediately preceding the court had instructed against "passion, prejudice and sympathy, etc." Now if the jurors concluded that they and each of them were not imbued with passion, prejudice, or sympathy, certainly they were entitled to take the next step and conclude that although the rule as stated was sound it had no application to them. So concluding, the jurors might with all propriety "ignore the instruction" and proceed to deliberate on the matters of import that were in truth and in fact before them. Be this as it may, there is nothing in the entire record on which we can base a conclusion that the defendant was in the least prejudiced by the instruction as given.

We think the judgment and order should be affirmed. It is so ordered.

Nourse, J., and Koford, P. J., concurred.