[Civ. No. 5361. Third Appellate District.—June 21, 1935.]

A. L. SILMAN, as Administrator, etc., Respondent, v. E. V. REGHETTI, Appellant.

J. Hampton Hoge and Chester O. Hansen for Appellant.

C. Ray Robinson and James D. Garibaldi for Respondent.

PULLEN, P. J.—This is an appeal by the defendant from a judgment in favor of plaintiff, as administrator of the estate of Hazel Katheryn DeGraff, deceased.

The action grew out of an automobile collision in which Hazel Katheryn DeGraff sustained injuries resulting in her almost immediate death. It is not necessary to detail with more particularity the facts surrounding the accident as the only issue presented on this appeal is whether a person who has served as a trial juror and has been discharged from jury duty following such jury service, is incompetent to again act as a trial juror within the year following such discharge. Three of the twelve jurors empaneled to try this case had served as trial jurors in the court where the present action was tried within a year prior thereto.

Some six or eight months prior to the trial of the instant case Mrs. Doran, Miss Bauman and Mrs. Figeroid were summoned on a special venire and were then and there chosen and sworn as jurors. They served throughout the trial of the cause, and upon its completion were discharged. They were again summoned as jurors upon a special venire to try the issues raised in the case now before us. They were called into the box and were ultimately sworn as jurors in this cause, although challenges were interposed, and the court disallowed, to each of the three jurors above named as provided under the provisions of subdivision 3 of section 199 of the Code of Civil Procedure, and subdivision 13 of section 200 of the Code of Civil Procedure. When Mrs. Figeroid took her place in the box, appellant had already exhausted his four peremptory challenges allowed by law. He asked that he be granted an additional challenge, which the court refused.

At the conclusion of the trial and upon the jury being polled it was ascertained that the verdict stood ten in favor of plaintiff to two in favor of defendant, and that each of the three jurors named voted for plaintiff and respondent herein.

Subdivision 3 of section 199 of the Code of Civil Procedure reads in part as follows:

"A person is not competent to act as a juror: . . . 3. Who has been discharged as a juror by any court of record in this

state within a year, as provided in section 200 of this code, or who has been drawn as a grand juror in any such court and served as such within a year and been discharged; or who, in a county or city and county containing a population of not less than three hundred thousand as ascertained by the last preceding census taken under the authority of the congress of the United States, or the legislature of the State of California, during the preceding two years shall have actually served on twenty days as a trial juror in the trial of cases in a court of record in this state; but a juror must in any event complete his service as such juror in the trial of a case in which he may be actually engaged. The clerk shall immediately remove from the jury list the name of any juror who becomes disqualified under this section. . . . ''

Subdivision 13, section 200, of the Code of Civil Procedure states:

''A person is exempt from liability to act as a juror if he be: . . .

''13. A person drawn as a juror in any court of record in this state, upon a regular panel, who has served as such within a year, or a person drawn or summoned as a juror in any such court, who has been discharged as a juror within a year as hereinafter provided; or a person who is incompetent under subdivision three of the preceding section; provided, however, that in counties having less than five thousand population the exemption provided by this subdivision shall not apply.''

That portion of section 199, here material, provides that a person is not competent to act as a juror, '' . . . who has been discharged as a juror by any court of record in this state as provided in section 200 of this code . . . '' Section 200 of the Code of Civil Procedure provides for exemption from jury duty. It would therefore appear that the legislature intended that anyone claiming his exemption upon any of the grounds stipulated in section 200 of the Code of Civil Procedure, was not competent thereafter to act as a juror in any case for the succeeding year. Whether the purpose of this provision is to protect a person who has and claims a valid exemption from being harassed from frequent summons to appear for jury duty, or to penalize one who claims exemption by denying him the privilege of hereafter serving until one

year has elapsed, or perhaps to prevent one from responding to each summons, collecting the per diem as provided by law and claiming his exemption from duty, or to prevent a person from avoiding a particular case and still retain the privilege of remaining upon the panel for the trial of other causes, is not clear. The language itself, however, appears too plain for other construction.

Respondent cites the case of *White* v. *United States,* from the Ninth Circuit Court of Appeals and reported in 16 Fed. (2d) 870. There apparently the identical question was presented and reference made to the sections of the codes here under consideration. The court said:

"Reference is made to California Statutes which it is claimed have provided that jurors, who have served as such within a year and have been discharged within a year, are not competent to continue to serve as trial jurors thereafter. But the provisions of the Code of Civil Procedure relied upon provide only that a person drawn as a juror in any court of record upon a regular panel, who has served as such within a year, or a person who has been discharged as a juror within a year, is exempt from liability to act as a juror. The word 'discharged' thus used clearly means one who is discharged from the panel or for the term; and not one who is discharged from a case at the close of a trial, and the statute provides only for an exemption which may be invoked by the juror at his option. This is made clear by section 1075 of the Penal Code, which provides that an exemption from service on a jury is not a cause of challenge, but is a privilege of the person exempted."

While, of course, this decision is not by a court of last resort in California, the opinion is entitled to great persuasive authority.

Appellant has referred to the case of *People* v. *Quijada,* 154 Cal. 243 [97 Pac. 689]. The case concerns a grand juror who had been discharged as a trial juror within the year. The court held there was nothing in section 199 of the Code of Civil Procedure nor section 200 of the Code of Civil Procedure which would prevent one who had been discharged from a trial jury from acting as a grand juror. The converse is prohibited by section 199 of the Code of Civil Procedure for it obviously would be improper for a member of a grand jury

to subsequently pass upon the guilt or innocence of one who might, either directly or indirectly, have been under investigation by a grand jury of which the trial juror was a member. No such reason would apply, however, if a trial juror was later summoned as a grand juror.

The next case called to our attention is *Livesey* v. *Stock*, 208 Cal. 315 [281 Pac. 70]. The court there refused to pass upon the qualifications of a juror because defendant had failed to interpose a challenge upon an appropriate ground. However, that case arose in the county of Los Angeles, and the provisions of subdivision 3, section 199, of the Code of Civil Procedure, which contains a special provision relating to counties containing a population of over three hundred thousand would apparently be applicable.

The case of *People* v. *Gilmore,* 17 Cal. App. 737 [121 Pac. 697], does not discuss the question here presented. We therefore are of the opinion that in counties with a population of less than three hundred thousand the discharge of a juror within a year prior to being again called is a ground of exemption only, to be exercised as a privilege and not a ground of incompetency.

Appellant suggests that the section was enacted to prevent the continuous service of so-called "professional jurors". We take it, however, that the legislature found such abuses to exist only in counties of over three hundred thousand, for section 199 of the Code of Civil Procedure quoted above provides that in such counties one who had actually served twenty days as a trial juror in a court of record during the preceding two years shall not be competent to act as a juror.

The three jurors in the instant case not having claimed their exemption, were competent jurors.

No other objections having been urged to the proceedings or to the qualifications of the jurors, the judgment should be affirmed, and it is so ordered.

Thompson, J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 19, 1935.