## Tweedy v. The State of Iowa.

In criminal cases, the rule is, that the person charged is presumed to be innocent, until he is proven guilty.

If, upon a consideration of all the evidence, there be a reasonable doubt of the guilt of the party, the jury are to give him the benefit of such doubt.

Neither a preponderance of evidence, nor any weight of preponderant evidence, is sufficient in a criminal case, unless it generate a full belief

Tweedy v. The State of Iowa.

of the guilt of the party charged, to the exclusion of all reasonable doubt.

When the evidence in a criminal case relates solely to the original transaction, and forms a part of the *res gestæ*, the defendant has a right to claim, that the proof made does not manifest his guilt, because it is left in doubt, whether the act was committed under unjustifiable circumstances.

Hence, where the matter of excuse or justification of the offence charged, grows out of the original transaction, the defendant is not driven to the necessity of establishing the matter in excuse or justification, by a preponderance of evidence, and much less beyond a reasonable doubt.

On the trial of an indictment for murder, proof of the killing will not change the burden of proof, where the excuse or justification is apparent on the evidence offered by the prosecution, or arises out of the circumstances attending the homicide.

A party is not compelled to flee from his adversary, who assails him with a deadly weapon, and go to the wall, (as it is termed), before he can justify a homicide.

Where on the trial of an indictment for murder, the court instructed the jury as follows: "1. The facts of excuse or self-defence, must be proven to the minds of the jury, clearly, and beyond a reasonable doubt, otherwise, they must find the defendant guilty of murder or manslaughter. 2. If the jury find that the defendant did kill the deceased, they must be convinced, beyond a reasonable doubt, of the facts offered in justification of the killing; and unless other justifying facts have been proven, they must be satisfied, beyond a reasonable doubt, that the deceased did attack the defendant with a deadly weapon, and drive him to the wall, before the defendant can justify;" *Held*, That the instructions were erroneous.

*Appeal from the Des Moines District Court.*

Monday, January 11, 1858.

Indictment for murder in the second degree. The defendant was found guilty of manslaughter, sentenced to the penitentiary for five years, and from this judgment sues out this writ of error. All the facts material to an understanding of the questions decided, will be found in the opinion of the court.

*J. C. Hall* and *Miller, Rankin & Enster*, for the appellant.

*C. Ben Darwin* and *S. A. Rice*, Att'y General, for the state.

WRIGHT, C. J.—During the progress of the trial in the court below, various exceptions were taken to the rulings and decisions there made, which are now assigned for error. Without intimating an opinion upon many of them, we shall briefly refer to a few of those brought to our attention. It seems that there was testimony tending to show, that defendant had acted in self defence. Upon this subject, the court instructed the jury as follows:

*First.* "The facts of excuse, or self defence, must be proven to the minds of the jury, clearly and beyond a reasonable doubt, otherwise they must find the defendant guilty of murder or manslaughter."

*Second.* "If the jury find that the defendant did kill the deceased, they must be convinced, beyond a reasonable doubt, of the truth of the facts offered in justification of the killing; and unless other justifying facts have been proven, they must be satisfied, beyond a reasonable doubt, that the deceased did attack the defendant with a deadly weapon, and drive him to the wall, before defendant can justify."

Several other instructions, embodying substantially the same principles, were given, and others, as asked by defendant upon the same subject, were refused. Without giving them, however, we shall consider those above set out, our views thereon sufficiently indicating the opinion entertained upon the general subject. We think these instructions were clearly erroneous.

In criminal cases, the rule is, that the person charged, is presumed to be innocent, until his guilt is proved. If, upon a consideration of all the evidence, there be a reasonable doubt of his guilt, the jury are to give him the benefit of such doubt. What is meant, or what will amount to such reasonable doubt, we need not at present consider.

If, however, the prisoner shall concede the fact of the

killing, or if it be found that he is the author of the hom-
icide, and he relies upon matter in excuse or justification
of the act, the inquiry arises, whether he must prove such
matter beyond a reasonable doubt. Whatever the rule
may, be, where he relies on some distinct substantive
ground of defence, not necessarily connected with the
transaction upon which the indictment is founded, (such
as insanity), we know of no case that has gone so far, as
to hold that where the defence is confined to the circum-
stances accompanying the original transaction, (as that he
acted in self defence), that he must prove such justifica-
tion beyond a reasonable doubt.

In criminal cases, the jury, in finding a verdict, do not
weigh the evidence, in the sense, that they are required
to, and do, weigh it in civil cases. In the one class of
cases, they are to weigh it carefully, and decide according
to its preponderance, although it may not be free from
reasonable doubt. In criminal cases, however, neither a
preponderance of evidence, nor any weight of prepon-
derent evidence, is sufficient for the purpose, unless it
generate a full belief of the fact, to the exclusion of all rea-
sonable doubt. 3 Greenleaf Ev. section 29 ; Whart.
American Cr. Law, 327. Now, applying this rule to the
defence contemplated by this instruction, taking for the
present the strongest view of it against the prisoner, and
how does it stand? He is presumed to be innocent.
This presumption, says the prosecution, is rebutted and
removed, when it is found, or conclusively established,
that he was the author of the homicide. Grant this, and
that he does then stand in the attitude of guilt. Then, it
seems to us, that if the circumstances, whether proven by
him, or the state, preponderate even, in favor of the mat-
ter in excuse or justification, there instantly arises a
reasonable doubt of his guilt, and an acquittal should fol-
low. Whereas, if he is required to establish such defence,
beyond a reasonable doubt, then most manifestly, they
should entertain a reasonable doubt of his guilt. And
this process of reasoning, is quite as favorable certainly, as

the state could ask; and yet, by this, it must be obvious, that the instructions were erroneous.

But we need not stop here, for the prisoner, in such cases, is entitled to even a more favorable rule. The defence of the defendant, related to and grew out of the transaction, or *res gestæ*, which constituted the supposed criminal act. To establish it, he was not required to, and need not, assume to prove anything aside or out of the case, on the part of the government. He had a right to claim and insist, that taking the facts and circumstances all together, as proved on both sides, he was not shown to be guilty; and if the facts constituting the transaction, on which the prosecution rested, did not prove beyond a reasonable doubt, that he committed the offence with which he was charged, (or one necessarily included in it), he was entitled to an acquittal. To constitute the crime of murder, the prisoner must have killed the person named in the indictment, with malice aforethought, either express or implied. If the killing was justifiable, then there was no malice aforethought; it was not murder—nor was it manslaughter.

Now, if the evidence fails to show that the act was unjustifiable, or, if that question is left in doubt, how can it be said that the criminal act is proved, or that the jury should not acquit. The defendant has a right to claim, when the evidence relates solely to the original transaction, and forms part of the *res gestæ*, that the proof, so made, does not make manifest his guilt, because it is left in doubt whether the act was committed under unjustifiable circumstances. And thus we see, that he is not driven to the necessity of establishing the matter in excuse or justification, by a preponderance of evidence, much less beyond a reasonable doubt; and that proof of the killing, will not change the burden, where the excuse or justification, is apparent on the evidence offered by the prosecutor, or arise out of the circumstances attending the homicide. *Commonwealth* v. *McKee*, 1 Gray, 61; *Same* v. *York*, 9 Metcalf, 116; *Same* v. *Webster*, 5 Cush., 305. If, upon a

consideration of all these circumstances, the jury entertain a reasonable doubt of any fact essential to establish the guilt, this doubt should be solved in favor of the prisoner, and they should acquit.

The foregoing remarks apply to the first, and a portion of the second instruction. But the jury were also told, that "unless other justifying facts have been proven, they must be satisfied, beyond a reasonable doubt, that the deceased did attack the defendant with a deadly weapon, and drive him to the wall, before the defendant can justify." Upon what principle this instruction can be sustained, it is impossible for us to understand. However the rule may have been at one time, it is certainly now well settled, that the prisoner is not compelled to flee from his adversary, who assails him with a deadly weapon, and go to the wall, (as it is termed,) before he can justify the homicide. And much more clearly is it true, that the prisoner need not satisfy the jury, beyond a reasonable doubt, that he did go to the wall, before he can justify. If this was the rule, it would be next to impossible for any man to successfully urge such a defence. Though the danger might be ever so actual, and imminent—though his efforts to escape a conflict might be all that his personal safety could reasonably dictate—still, if the jury entertained a reasonable doubt, whether he had retreated as far as he could, they would be bound to convict. Such a rule is contrary to every correct idea of the rights of self defence, and finds no support either from authority or reason.

Without further enlarging upon propositions that are, to our minds, so clear, we conclude that the judgment must be reversed, and a trial *de novo* awarded.