# Brinkley *v*. The State.

*Indictment for Murder.*

1. *Homicide in defendant's own house; retreat; provocation.*—The homicide in this case occurred in the defendant's own house, during a dance and party which another freedman gave by his permission; and the evidence tended to show that the altercation between the parties, which resulted in the shooting, was brought on by defendant ordering the deceased to leave the house, because he used profane language, and was guilty of indecent behavior. The court charged the jury, (1) "that it was the duty of the defendant to avoid the killing, if he could have done so without danger to himself;" and (2) "that if the defendant provoked or brought on the difficulty, he can not be guilty of less than manslaughter." *Held*, that each of these charges was erroneous, in assuming (1) that it was the defendant's duty to retreat from his own house, and (2) that he had no right to order the deceased to leave the premises on account of improper words and conduct.

2. *To what witness may testify.*—A witness who was present, and saw the dance in which the deceased indulged just before the altercation which resulted in the killing, can not testify that it was "indecent," this being the mere expression of an opinion, and not the statement of a fact.

[Brinkley v. The State.]

FROM the City Court of Montgomery.

Tried before the Hon. THOS M. ARRINGTON.

The defendant in this case, James Brinkley, was indicted for the murder of Jerry Butler; was convicted of murder in the second degree, and sentenced to the penitentiary for the term of twenty years. The homicide occurred at the defendant's own house, during a dance and party which, by his permission, was there given by Tom Belser, another freedman. The deceased indulged in a dance, which he called the "shake back," and which, as described by some of the witnesses, was very indecent; and some of the persons present objecting to it, he declared with an oath his right to dance as he pleased. The defendant, then coming into the room, told him he must not curse and swear in the house, and must behave himself, and ordered him to leave; and during the altercation which at once ensued between them, the defendant drew his pistol, and fired the fatal shot. The court charged the jury, among other things, (1) "that if the defendant could have avoided the difficulty without danger to himself, he should have done so;" (2) "that if the defendant provoked or brought on the difficulty, he can not be guilty of less than manslaughter in this case." To each of these charges the defendant duly excepted, and also to several other rulings which require no notice.

WATTS & SON, for appellant, cited *Roberts v. State*, 68 Ala. 156; *Jones v. State*, 76 Ala. 8; *Cary v. State*, 76 Ala. 86; *Rains v. State*, 88 Ala. 91.

WM. L. MARTIN, Attorney-General, and TENNENT LOMAX, *contra*, cited *Mitchell v. State*, 60 Ala. 126; *Rutledge v. State*, 88 Ala. 85; *Jackson v. State*, 77 Ala. 18; *Watson v. State*, 82 Ala. 10; *Gassenheimer v. State*, 52 Ala. 313; 1 Whart. Crim. Law, 502, 506; *Eiland v. State*, 52 Ala. 332.

SOMERVILLE, J.—The killing of the deceased in the present case occurred in the house of the defendant, being perpetrated by shooting with a pistol. The evidence tended to show that the deceased had been guilty of profanity and indecent behavior, and was for this reason ordered by the defendant to leave the premises, whereupon an altercation ensued between them, which resulted in the killing.

The court, among other things, charged the jury, that "it was the duty of the defendant to avoid the killing, if he

[Brinkley v. The State ]

could have done so without danger to himself." This charge was, in our opinion, erroneous, in ignoring both of the above stated phases of the evidence. The defendant could probably have avoided the necessity of the killing, by retreating from combat, and taking refuge in some place of safety. So he might have accomplished the same end by abstaining from administering any rebuke to the deceased for his alleged indecent conduct. Each of these courses might possibly have been resorted to without the least danger. Yet, as the defendant was in his own house and domicil, he was under no obligation to retreat. An assailed person is not bound to retreat from his own house, to avoid killing his assailant, even though a retreat could be safely made.—*Jones v. State*, 76 Ala. 8; *Cary v. State, Ib.* 78; Wharton on Homicide, § 541. So, if he was, under the circumstances of the case, justifiable in ordering or expelling the deceased from the premises, he would be under no legal necessity to avoid the altercation by yielding the right in question, as a mode of avoiding all apprehended violence. The charge assumed the contrary.

The statement of the witness, that the dance in which the deceased was engaged prior to the killing was an "indecent" one, was a mere expression of opinion, and not the statement of a fact. The objection to it was properly sustained.

We need not pass on the objection to the colloquy between the juror Blue and the trial judge, as it will not probably recur on another trial.

The other rulings of the court have been examined, and we discover no error in any of them, except the portion of the court's general charge numbered 2, which should not have been given. These charges involve questions too often considered by us to require discussion.

The judgment is reversed, and the cause remanded for a new trial. In the meanwhile, the defendant will be retained in custody until discharged by due course of law.