CASE 49—INDICTMENT—JUNE 18.

# Baker v. Commonwealth.

### APPEAL FROM KNOX CIRCUIT COURT.

A PERSON IS NOT BOUND TO RETREAT UPON HIS OWN PREMISES, but may stand his ground and defend his person or property; but he is not justified to take the life of a trespasser or to do him bodily harm to prevent the mere trespass. If, however, the trespass is committed with the intention of killing the owner of the property, or of doing him great bodily harm if he resists the trespass, the owner has the right to kill the trespasser if he has reasonable ground to believe that it is necessary to do so in order to protect his life or to prevent great bodily harm at the hands of the trespasser.

In this case the deceased and others having entered upon the premises of the accused, armed with guns and pistols, for the purpose, as the evidence tends to show, of taking forcible possession of defendant's property, intending to kill him if he should resist the trespass, the court should, upon the trial of the defendant for murder, have instructed the jury as indicated.

JAMES N. BRAFFORD, WILSON & RAWLINGS, FOR APPELLANT.

1. No conspiracy is established against defendants nor any of them to do any unlawful act, and, therefore, any statement made by John W. Baker, Mariah Baker, or any party jointly indicted and not made in the presence of appellant was incompetent. (Starkie on Evidence, vol. 2, p. 400.)

2. The court should have given an instruction telling the jury that appel-

Baker v. Commonwealth.

lant had a right to protect his property, and if, in attempting to do so, deceased or those with him put appellant in danger of death or great bodily harm, appellant had a right to defend himself.

KNOTT & EDELEN ON SAME SIDE.

1. To prove a conspiracy the acts, declarations and conduct of the alleged co-conspirators are not competent until the conspiracy has been proved *aliunde*. (Greenleaf on Evid., sec. 111; Metcalfe v. Conner, Litt. Sel. Cas., 497; Miller v. Commonwealth, 78 Ky., 15; Wright v. Commonwealth, 85 Ky., 123; People v. Parker, 67 Mich., 225; 4 Am. & Eng. Enc. of Law, 631.)

2. As there is no evidence competent or incompetent of a criminal conspiracy, no instruction on conspiracy ought to have been given. (Sparks v. Commonwealth, 89 Ky., 644.)

3. There ought to have been a plain unequivocal instruction to the effect that defendant was not bound to retreat, but had a right to defend himself with all the force necessary to rid himself of the apparently impending danger, without diverting the minds of the jury by any suggestion of a conspiracy. (Estep v. Commonwealth, 86 Ky., 39; Wright v. Commonwealth, 85 Ky., 123; Sparks v. Commonwealth, 89 Ky., 644; Tingle v. Commonwealth, 11 Ky. Law Rep., 224; Herald v. Commonwealth, 12 Ky. Law Rep., 489.)

It was the duty of the court to give the entire law of the case whether requested to do so or not. (Trimble v. Commonwealth 78 Ky., 176; Heilman v. Commonwealth, 84 Ky., 457.)

4. A witness can not be cross-examined on an outside matter and then contradicted. (Civil Code, sec. 597; Kennedy v. Commonwealth, 14 Bush, 340; Loving v. Commonwealth, 80 Ky., 507; Crittenden v. Commonwealth, 82 Ky., 164.)

W. J. HENDRICK, ATTORNEY-GENERAL, R. REID ROGERS, FOR APPELLEE.

1. It is not necessary to show the existence of a conspiracy by direct proof; it may be shown circumstantially to exist, and the fact of its existence may be determined by the jury from the introduction in evidence of any such circumstantial acts as those presented by this record, the only limitation being that the trial judge should not submit such facts to the jury unless they, in his opinion, amount to enough to tend to establish the fact of the conspiracy. (Greenleaf, sec. 111.)

2. While it is not proper practice to cross-examine a witness upon a collateral point for the mere purpose of contradicting him later on, yet such was not the purpose of the cross-examination complained of here. The question was asked with the direct object of eliciting facts that would materially affect the weight of the witness' testimony, and he was only contradicted because it appeared he had answered falsely.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant and his father had had a lawsuit with Daniel C. Baker, in which some real estate belonging to the appellant and John W. Baker was sold, and purchased by Daniel C. Baker. The circuit court held that Daniel C. Baker was entitled to said land and put him in possession of it. This court reversed that decision, holding that the appellant and his father were entitled to the land. Thereupon, upon the return of the cause to the circuit court, that court caused, by proper writ, the appellant to be put into the possession of said land, except the house and about two acres and a-half of land, which the appellant and Daniel C. Baker agreed that the latter might hold until the end of that year as tenant. The evidence tends to show that after the year had expired, Daniel C. Baker and brother concluded to regain and hold by force the land that the appellant had been put into the possession of. Daniel C. Baker's brother, Wm. Baker, knowing that said land had been restored to the possession of the appellant by order of court, joined with him to enter upon said land and take forcible possession of it, and fence it up. They induced others to join them in the enterprise, and they did, pursuant to said purpose, enter upon said land and commenced fencing it up. The crowd thus engaged, or the most of them, went upon said land armed with pistols, guns and rifles. The evidence tends to show that they purposed to take forcible possession of the appellant's land and to kill the appellant and the tenant of the appellant if they attempted to resist their entry. This condition, as appears from the record, caused the appellant and his tenant to arm themselves to protect themselves against what appeared

to them (and, we think, with reason) to be a trespass upon the appellant's property with the felonious intention of killing them if they attempted to resist the entry. On the morning of the killing, the deceased, Wm. Baker, and others went upon said land, the most of them being armed with pistols, shot-guns and rifle guns. The evidence tends to show that the appellant and Ferguson saw them coming as they approached within a hundred yards of appellant's stable, to which they were apparently coming. The appellant and Ferguson then took shelter in the stable, armed with guns. When the trespassers—Wm. Baker being in the lead—had approached to within forty yards of the stable, the appellant, as the evidence tends to show, ordered them to stop, and Wm. Baker refused and started forward toward the stable, and, as he did so, reached for the gun that Patterson was carrying, Patterson being close by. Just then the appellant shot Wm. Baker from the stable, and then a general firing from both sides commenced.

The lower court's instruction to the jury upon the subject of self-defense fails to tell the jury that appellant, being on his own premises, was not bound to retreat, but had the right to stand his ground and use such force as was reasonably necessary to repel the forcible entry upon his premises. The rule upon that subject, as applicable to this case, is that a person is not bound to retreat when upon his own premises, but may stand his ground and defend his person or property; but he is not justified to take the life of a mere trespasser, or do him bodily harm to prevent the mere trespass. But if the trespass is committed with the intention of killing or doing the owner of the property great bodily harm, if he resists the tres-

pass, in such case the trespass is committed with felonious intention against the owner, and he has the right to stand his ground and kill the felonious trespasser if he has reasonable ground to believe that it is necessary to protect his life or to prevent great bodily harm at the hands of the trespasser. According to the facts appearing in this record, the instructions upon the subject of conspiracy should not have been given.

The judgment is reversed, and the case is remanded with directions to grant a new trial and for further proceedings consistent with this opinion.