STATE OF IOWA v. MYRON BENNETT, Appellant.

**Assault with intent to murder:** PROOF OF INTENT: INSTRUCTION.
1   In a prosecution for assault with intent to commit murder the
    intent may be inferred from circumstances, and where defend-
    ant admits the act, but seeks to justify it, the intent may be
    inferred from the unlawful act although the inference is not
    conclusive.

**Self-defense:** RETREAT: INSTRUCTION. One who is feloniously as-
2   saulted when on his own premises is not required to retreat,
    but may repel the attack with such force as appears to him
    reasonably necessary under the circumstances.

**Intent:** EVIDENCE: INSTRUCTION. Where intent is the gist of the
3   crime it is competent to prove facts tending to show a lack
    of such intent; and where such evidence is adduced it is the
    duty of the court to clearly instruct as to its bearing on the
    question of intent.

*Appeal from Boone District Court.*— HON. J. R. WHITA-
                    KER, Judge.

TUESDAY, NOVEMBER 14, 1905.

THE defendant was tried on an indictment charging
him with an assault with intent to commit murder. He was
found guilty of an assault with intent to commit man-
slaughter, and from a judgment on the verdict he appeals.
— *Reversed* and *remanded*.

*Stevens & Fry* and *Dyer & Hull,* for appellant.

*C. W. Mullan,* Attorney General, and *Lawrence De
Graff,* Assistant Attorney General, for the State.

SHERWIN, C. J.— The errors complained of are predi-
cated on the instructions. They are many, but we shall
consider only those which we deem of sufficient moment to

warrant specific mention. The defendant and Colwell, the injured man, engaged in an affray on the defendant's premises which resulted in the defendant's shooting said Colwell, thereby inflicting two wounds, one of which was of a serious nature. The defendant admitted the shooting, but sought to justify it on the ground of self-defense. The indictment charging an assault with intent to commit murder, a specific intent to kill was an essential element of the crime, without proof of which there could be no conviction.

In its seventh instruction the court told the jury " that the law presumes a man to intend the reasonable and natural consequences of any act intentionally done, and can seldom be proven by direct evidence. So, if you find from the evidence in this case that the defendant shot the contents of a revolver toward the witness George Colwell, he will be presumed to have intended the reasonable and natural results of such shooting, unless all the evidence in the case raises in your mind a reasonable doubt of such intent." The instruction is assailed, on the ground that it ignored the fact that the intent is the gist of the offense charged, and because the rule does not apply in any case where proof of a specific intent is necessary, or in a case where the shooting is admitted but is claimed to have been done in self-defense. Neither of the objections are sound, however. A specific intent may be proved by circumstantial as well as by direct and positive evidence; and, where it is proven or admitted that the defendant committed an act which would be unlawful unless justified, the specific intent may be inferred or presumed from the unlawful act. *State v. Jones,* 70 Iowa, 505; *State v. Woodward,* 84 Iowa, 172. The inference or presumption is not conclusive, but it is to be considered with the other evidence in determining the guilt or innocence of the defendant. The instruction is criticised in other respects, but, considered in connection with the others given, there is no foundation for the complaint.

There was evidence tending to show that Colwell, shortly before the affray, had gone into the defendant's house and had there made an indecent proposal to his wife; that soon thereafter the defendant was informed of his conduct by his wife, and that he thereupon ordered Colwell from his premises; that Colwell refused to leave, and after some hard words had passed between the two Colwell advanced towards the defendant with a knife in his hand, whereupon the defendant shot him.

2. SELF DEFENSE:
retreat:
instruction.

In instructing on this branch of the case the court said that the defendant acting in self-defense "must not use more force than is necessary nor use dangerous or deadly weapons or attempt to kill the assailant, unless the danger is imminent and the necessity to use such weapon is urgent and could not be avoided by retiring from such danger." The appellant contends that the general rule that a person assaulted must retreat, if he may safely do so before taking the life of his assailant or inflicting a great bodily injury upon him, is not applicable to this case, because the defendant was on his own premises and was therefore not bound to retreat from the threatened assault of Colwell. We think the appellant's contention is sound. In the earlier cases in this court it was held that there was no duty to retreat where one was assailed with a deadly weapon. See *Tweedy v. State*, 5 Iowa, 433. While in the later adjudications it has been held that such duty exists under ordinary circumstances. See *State v. Jones*, 89 Iowa, 182, and cases cited therein. But none of the latter cases decide the exact point involved here, which is, briefly, whether a person while on his own premises must retreat from a felonious assault. It is the universal rule that the dwelling house is the castle, and that no retreat is necessary therein, and we see no sound reason for holding that a greater obligation exists when the accused is on his own premises where he has a right to be and which constitute a part of his residence and home.

It is true that the law out of tenderness for human life and the frailties of human nature will not permit the taking of it to repel a mere trespass, but a man of ordinary courage who is without fault and on his own premises will not retreat until absolutely compelled to do so, and he should not, under such circumstances, be obliged to fly from an assailant to receive the protection of the law. The principle here announced was applied by this court in *State v. Thompson,* 71 Iowa, 503, a case where the defendant killed an assailant who had invaded his premises for the purpose of doing him bodily harm. It is there said, after reviewing the facts: " And he had a right to stand by his fence and contend that his premises should not be invaded; and, when assaulted and wounded as he was, he had the right to strike back, if it appeared to him as a reasonable man to be necessary to protect himself from further great bodily injury." See, also, *State v. Evenson,* 122 Iowa, 88; *State v. Goering,* 106 Iowa, 636; *State v. Shea,* 104 Iowa, 724; *State v. Middleham,* 62 Iowa, 150. The rule had also been announced in the following cases: *Beard v. United States,* 158 U. S. 550 (15 Sup. Ct. 962, 39 L. Ed. 1086); *Foster v. Territory* (Ariz.), 56 Pac. Rep. 738; *Perkins v. State,* 78 Wis. 551 (47 N. W. 827); *State v. Cushing,* 14 Wash. 527 (45 Pac. Rep. 145, 53 Am. St. Rep. 883); *Baker v. Commonwealth,* 93 Ky. 302 (19 S. W. 975); *Runyan v. State,* 57 Ind. 80 (26 Am. Rep. 52); *Erwin v. State,* 29 Ohio St. 186 (23 Am. Rep. 733); *Williams v. State,* 30 Tex. App. 430 (17 S. W. 1071).

The evidence tended to show that the defendant was drunk when he shot Colwell, and the court instructed that intoxication afforded no " excuse or defense for the crime,"

**3. INTENT:**
**evidence:**
**instruction.**

but did not instruct as to its influence on the intent of the defendant. Where the specific intent is the gist of the crime, it is always competent to prove facts that tend to show lack of such intent, and it is manifest that the jury should have been in-

structed on this branch of the case. The jury was not clearly instructed on the subject of who commenced the quarrel, nor was it clearly instructed that the State must prove that the defendant was not acting in self-defense. See *State v. Usher,* 126 Iowa, 287.

Other errors are argued, but as they are not likely to arise on a retrial of the case, we need give them no further attention. For the errors pointed out the judgment is reversed and the case remanded. *Reversed and remanded.*