(78 South. 866)

MADRY v. STATE. (8 Div. 86.)

(Supreme Court of Alabama. May 9, 1918.)

1. CRIMINAL LAW  364(3)—RES GESTÆ.

What occurred after the shooting between defendant and deceased's wife, who was some distance away when the shooting occurred, was not part of the res gestæ.

2. CRIMINAL LAW  390—EVIDENCE—UNDISCLOSED PURPOSE.

Testimony as to defendant's undisclosed purpose or motive in ordering deceased's wife to stay away from the body, that it was his desire to have deceased's knife on the ground identified before the body was moved, is inadmissible.

3. CRIMINAL LAW  823(6)—INSTRUCTIONS—CURE BY OTHERS.

Defendant suffered no harm from statement in oral charge as to retreat as part of law of self-defense that "there must have been no way of retreat open to defendant," though a more satisfactory statement would have been that

there must have been no avenue of escape reasonably apparent to him, or that he must have honestly and reasonably believed that he could not retreat without adding to his peril; he having had the full advantage of these varying statements in special written charges given at his request.

**4. HOMICIDE** ⬉118(3)—**SELF-DEFENSE—RETREAT—DWELLING AND CURTILAGE.**

The doctrine that a person assailed is not bound to retreat from his dwelling to avoid killing his assailant, though a retreat could be safely made, applies to the curtilage, or such space as is customarily occupied by the dwelling house and outbuildings appurtenant thereto.

**5. HOMICIDE** ⬉112(5) — **SELF-DEFENSE — FAULT OF DEFENDANT.**

Defendant may not have been free from fault in bringing on the difficulty, giving him the right to kill in self-defense, though he may not have entertained the specific intent to bring it on; he being required to have been mindful of the probable consequences of any wrongful word or act, and to have been free of all fault, or wrongdoing, having the effect to provoke or bring on the difficulty.

**6. CRIMINAL LAW** ⬉811(4)—**INSTRUCTIONS—INVADING JURY'S PROVINCE.**

A requested charge singling out a part of the evidence as to the fact in dispute whether defendant was at fault in bringing on the difficulty, as regards right of self-defense, and invading the province of the jury by justifying defendant's act on the evidence thus singled out is bad.

Appeal from Circuit Court, Lawrence County; R. C. Brickell, Judge.

Richard Madry was convicted of murder, and he appeals. Affirmed.

The party killed was Bob Odom, and the killing appears to have occurred near the lot or barn of defendant, at least somewhere on the place which belonged to defendant, and on which he and Odom were farming on shares. The following charges were refused to defendant:

(3) The law gives a person the right to use such force as may be reasonably necessary under the circumstances by which he is surrounded to protect himself from great bodily harm, as it does to prevent his life being taken. He may excusably use this necessary force to save himself from any felonious assault, and I charge you that as a matter of law the place where this difficulty and killing occurred is what is termed in law the defendant's curtilage, and defendant, if he was free from fault in bringing on or entering into the difficulty, was under no duty to retreat. Charges 4, 11, and 16 assert the same doctrine but in varying phraseology.

(5) I charge you that in order to constitute putting defendant at fault in this case in bringing on the difficulty he must have done some wrongful act, or have said a wrongful word to or in the presence of deceased, or must have done or said something to deceased for the purpose of insulting or angering him, or to bring about the difficulty, or his words, acts, or manner must have been such as to bring on the difficulty, and done for that purpose.

(18) If you are reasonably satisfied from the evidence in this case that at the time defendant fired the fatal shot he was in imminent danger of losing his life, or of suffering grievous bodily harm at the hand of deceased, or reasonably appeared to be in such danger, and honestly fired the fatal shot under such belief, and at the time had no reasonable mode of escape reasonably apparent to him, then your verdict should be for defendant unless you are satisfied beyond all reasonable doubt from the evidence in this case that defendant entered the fight willingly, or was at fault in bringing on or encouraging the difficulty, and I charge you as a matter of law that, if you are reasonably satisfied from the evidence that he was in danger, as I have just defined, and had no reasonable mode of escape, apparent to him, then to fire the fatal shot with an intent and fixed purpose to kill Odom would not constitute entering the fight willingly so as to cut off his right of self-defense, as I have herein defined it to you within the meaning of the law, and I further, charge you that, if what he said or did at the time prior to the fatal shooting was not wrongfully said or done with a view of bringing on or encouraging the difficulty, and further the said words, conduct, or deeds of whatever kind did not, in fact, bring on the difficulty, then such acts and conduct would not be such as to render him at fault in bringing on or encouraging the difficulty in such manner as to cut off his right of self-defense, as I have herein defined it to you.

(20) In order to constitute putting defendant at fault, in bringing on or encouraging the difficulty, his words, conduct, or deeds must have been a contributing cause of the difficulty; it is not enough as matter of law that such words, conduct, or deeds were calculated to encourage or bring on the difficulty; he must have brought it on or encouraged it.

(23) If you are reasonably satisfied from the evidence in this case that deceased was the cause of or brought on the difficulty at the time by stating that he was going to take the mule and go to his own farm, and this was said and done without any provocation on the part of defendant, and defendant retorted by saying substantially, "I'll be damned if you do," such retort would not be commencing or bringing on the difficulty within the meaning of the law, and if defendant was then assaulted by deceased, defendant had the right to defend himself against such assault on the part of deceased. If such you find occurred, provided defendant did not fight willingly, and provided further that there was no reasonable means of escape without increasing his real or apparent danger, and if you further find that under the circumstances existing at the time defendant shot you honestly believe that he was in imminent danger to life or limb, and the conditions at the time were such as would have impressed the mind of a reasonable man that there was such imminent danger, though there was no such danger in fact, but that it was only apparent, then defendant would have been justified in shooting deceased.

Callahan & Harris, of Decatur, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

SAYRE, J. [1, 2] Shortly after defendant had shot deceased, and perhaps while deceased still showed some faint signs of life, the wife of the latter appeared upon the scene. Evidence for the state tended to show that defendant, standing near with his pistol in his hand, told the wife not to go to her husband's body. Evidence for defendant went to show that the knife of deceased lay upon the ground near his body. While defendant was on the stand as a witness his counsel put this question:

"I will ask you whether or not you told her not to go to the body because you wanted the knife identified before the body was moved?"

Afterwards, on the state's motion defendant's affirmative answer was excluded. The record, which we have thus in effect reproduced in order to identify and make clear the first exception argued for appellant, shows no error. What passed between defendant and the wife of deceased was not any part of the res gestæ of the killing—the wife was some distance away when the shooting occurred—and the testimony which defendant sought to keep before the jury was nothing more than a statement of the defendant's undisclosed purpose or motive in ordering the wife of deceased to stay away from his body, testimony which was inadmissible according to a long line of adjudicated cases in this state, many of which were noted in Western Union Tel. Co. v. Cleveland, 169 Ala. 131, 53 South. 80, Ann. Cas. 1912B, 534.

[3] In its oral charge the court, stating the doctrine of retreat as a part of the law of self-defense, said to the jury that "there must have been no way of retreat open to the defendant." Not to be too critical, it may be said, perhaps, that a more satisfactory statement of the doctrine would have been that there must have been no avenue of escape reasonably apparent to defendant, or that defendant must have honestly and reasonably believed that he could not retreat without adding to his peril, both accepted statements of the doctrine; but defendant had full advantage of these varying statements in special written charges given at his request, and the court is thoroughly well satisfied that he suffered no harm from the form of statement adopted by the court in its oral charge to the jury.

[4] The rule is of universal acceptance that a person assailed is not bound to retreat from his own dwelling to avoid killing his assailant, even though a retreat could be safely made. Brinkley v. State, 89 Ala. 34, 8 South., 22, 18 Am. St. Rep. 87. And this doctrine is applied to the curtilage, or such space as is customarily occupied by the dwelling house and out buildings appurtenant thereto. Lee v. State, 92 Ala. 15, 9 South. 407, 25 Am. St. Rep. 17; Naugher v. State, 105 Ala. 26, 17 South. 24; Martin v. State, 90 Ala. 602, 8 South. 858, 24 Am. St. Rep. 844; State v. Bennett, 128 Iowa, 713, 105 N. W. 324, 5 Ann. Cas. 997, where the cases are collated; State v. Brooks, 79 S. C. 144, 60 S. E. 718, 17 L. R. A. (N. S.) 483, 128 Am. St. Rep. 836, 15 Ann. Cas. 49. And cases may and do arise in which it can be affirmed as matter of law that a given house, structure, or place, is or is not within the curtilage. Cook v. State, 83 Ala. 62, 3 South. 849, 3 Am. St. Rep. 688. But upon the evidence in this case, which has had attentive consideration, the court is unable to say as matter of law that the place where defendant killed deceased was within the curtilage of the former's dwelling house. The trial court therefore committed no error when it refused certain charges (charges 3, 4, 11, and 16, requested by defendant), which, in connection with a statement that defendant was under no duty to retreat from such a place, sought to have the court declare as matter of law that the place where the killing occurred was within the curtilage of defendant's dwelling place.

We are not of opinion that Watkins v. State, 89 Ala. 82, 8 South. 134, holds to the contrary of what we have said in respect of the duty of a person assailed to retreat from the curtilage of his dwelling place, though it seems to have been so understood on one occasion at least. Thomas v. State, 13 Ala. App. 50, 69 South. 315. Considering what the court had to say of charge 8 in the Watkins Case in connection with other parts of the opinion and the facts on which the opinion was predicated, we apprehend that the charge was condemned for the reason that it pretermitted all inquiry as to the fault of defendant in bringing on, or participating in, the fatal difficulty. Nor do we so understand McGhee v. State, 178 Ala. 4, 59 South. 573. There is no report of the tendencies of the evidence in that case save as they may be inferred from the opinion. But the citation of Lee v. State, supra, 92 Ala. 15, 9 South. 407, 25 Am. St. Rep. 17, would seem to indicate that the court did not intend to depart from the wholesome doctrine of that case. Nor does the citation of Perry v. State, 94 Ala. 25, 10 South. 650, look otherwards. No question of curtilage was involved in that case, and we infer the same was considered to be true in McGhee v. State.

[5] Charges 5, 18, and 20, requested by defendant, were properly refused. The defendant may have been at fault in bringing on the difficulty, though he may not have entertained the specific intent to bring it on. The law required that he should be mindful in this regard of the probable consequences of any wrongful word or act. He must have been free from all fault, or wrongdoing, which had the effect to provoke or bring on the difficulty. McQueen v. State, 103 Ala. 12, 15 South. 824; Crawford v. State, 112 Ala. 1, 21 South. 214; Griffin v. State, 165 Ala. 29, 50 South. 962.

[6] Charge 23 was faulty in that it singled out a part of the evidence as to a fact which was in dispute and invaded the province of the jury by justifying the act of defendant on the evidence thus singled out.

We find no error.

Affirmed. All Justices concur; McCLELLAN, J., concurring in the conclusion.