(88 South. 183)

### STANLEY v. STATE.    (6 Div. 740.)*

(Court of Appeals of Alabama. Jan. 18, 1921. Rehearing Denied Feb. 14, 1921.)

1. **Criminal law** ⚖➡1086(14)—**Court not put in error for failure to give affirmative charge when record does not show matter was called to court's attention.**

Under Supreme Court rule 35, the trial court will not be put in error for failure to give the affirmative charge because the venue was not proved, where the record does not affirmatively show that the failure to prove the venue was brought to the court's attention before the argument was concluded, or at any time.

2. **Criminal law** ⚖➡1056(1)—**Charge not excepted to not reviewed.**

A portion of the oral charge to which no exception was reserved will not be reviewed on appeal.

3. **Criminal law** ⚖➡369(15)—**Question as to what officer arrested defendant for competent when tending to identify defendant.**

On a trial for robbery, a question asked a state's witness as to what he arrested defendant for was properly allowed, where it tended to identify defendant with the charge for which he was being tried.

4. **Criminal law** ⚖➡367—**Evidence that victim of robbery said some one hit him on head admissible as res gestæ.**

On a trial for robbery, evidence that when the injured party applied to an officer to arrest defendant, shortly after the robbery, he showed the officer a place on his head, and said it was where "some one of them had hit him," was admissible as res gestæ.

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Certiorari denied 205 Ala. 431, 88 South. 449.

**5. Witnesses** ⟨⟩274(2)—**Cross-examination of character witness as to times defendant was arrested competent to test knowledge.**

Where a witness testified on direct examination that he heard somebody talking about the time defendant was arrested, a question on cross-examination as to how many times defendant had been arrested the last year was competent to test his knowledge as to the time of the arrest in the case on trial.

**6. Criminal law** ⟨⟩1169(1) — **Robbery** ⟨⟩23(2)—**Evidence of condition of victim of robbery after the offense held immaterial, but harmless.**

On a trial for robbery, evidence as to the strength of the injured party and evidence that his memory after the assault was not as good as before was immaterial, but its admission did not injure defendant.

**7. Criminal law** ⟨⟩561(1)—**Proof of guilt beyond all doubt not required.**

The state is not required to convince the jury of defendant's guilt beyond any doubt, but only beyond a reasonable doubt.

**8. Robbery** ⟨⟩6—**Actual violence to the person not essential.**

Robbery may be committed without actual violence to the person.

**9. Criminal law** ⟨⟩829(1)—**Refusal of charge covered by general charge not error.**

The refusal of a requested charge covered by the court's general charge was not error.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Howard Stanley was convicted of robbery, and he appealed. Affirmed.

Benton & Bentley, of Bessemer, for appellant.

The court should have directed a verdict, since the venue was not proven. 148 Ala. 608, 42 South. 999. The court erred in its charge as to assault and battery. 118 Ala. 115, 24 South. 414. Counsel discuss assignments of error relative to evidence, but without citation of authority.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] The record does not affirmatively show that the failure to prove venue was brought to the court's attention before the argument was concluded, or at any time; hence the trial court will not be put in error for a failure to give the affirmative charge on the ground that the venue is not proven. S. Ct. Rule 35; Jones v. State, 13 Ala. App. 10, 68 South. 690.

[2] There was no exception reserved to that part of the court's oral charge defining assault and battery with a weapon, and therefore it will not be here reviewed.

There was no evidence on the trial that would have justified the jury in returning a verdict of "guilty of simple assault and battery." If the offense was assault and battery, it was with a weapon, and the court so charged.

[3] The question asked state witness Kennamer, "What did you arrest this negro for?" was properly allowed, as tending to identify the defendant with the charge for which he was then being tried.

[4] It was competent to prove by the officer Kennamer, to whom the injured party applied to have the defendant arrested, that the party assaulted showed witness a place on his head, and said, "That was where some one of them had hit him." This was shortly after the robbery, and tended to prove the res gestæ.

[5] The witness Oscar Crum having testified on direct examination that he had heard them talking about the time defendant was arrested, it was competent on cross-examination for the solicitor to ask, "How many times has he [defendant] been arrested last year?" for the purpose of testing witness' knowledge as to the time of the arrest in the present case.

[6] As to whether the memory of the injured party was as good after as before the lick on the head at the time of the robbery was not material, but the admission of this testimony was without injury to the defendant. The same is true as to the strength of the injured party.

There are numerous objections to testimony not insisted on in brief, which we have examined, and find that they are without merit, and where the admission was error, it was without injury to defendant.

[7] Charge No. 1 was properly refused. The state is not required to convince the jury beyond any doubt. Beyond a reasonable doubt is all that is required.

Charge No. 2 is faulty for the same reason as that assigned to charge No. 1.

[8] Robbery may be committed without actual violence to the person, and hence charge 5 was bad.

Charge 4 is the affirmative charge, and was properly refused. The question was one for the jury.

[9] Charge 5 was covered by the court's general charge, and its refusal was not error.

We find no error in the record, and the judgment is affirmed.

Affirmed.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes