175 So. 327

## CADLE v. STATE.

### 5 Div. 989.

Court of Appeals of Alabama.

June 15, 1937.

520

Reynolds & Reynolds, of Clanton, and L. H. Ellis, of Columbiana, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The defendant was charged by indictment with robbery, but on the trial of the case, from the judgment of which this appeal was taken, he was convicted of petit larceny for having feloniously taken and carried away $4.60 lawful money of the United States of America, etc. the personal property of Missouri Cobb, etc.

The corpus delicti was proven without dispute or conflict. The controlling question in the case was, and is, the identity of the person who committed the larceny. The defendant, a boy sixteen years of age, strenuously denied any connection with or knowledge of the crime, and insisted that at the time of the commission of the offense he was at another and different place some mile or two away. In this connection he testified with minute detail as to his whereabouts and actions for a period of time long before and after the time the crime was committed. He also offered the testimony of numerous disinterested and unimpeached witnesses whose testimony tended to corroborate him in every detail as to his whereabouts and his actions. This testimony, if true, would be conclusive of this case, for if true, it rendered it impossible for the defendant to have been the person who committed the offense complained of. The injured party, Missouri Cobb, was an aged woman, 74 years old at the time the offense was committed. She was the only eyewitness, and testified this appellant committed the crime. A number of witnesses testified that the general character of the injured party was bad. Others testified to the contrary. A large number of witnes-

ses testified to the good character of the defendant, and this evidence was without dispute or conflict.

In an excellent brief, by able counsel for appellant, four principal points of decision are relied upon to effect a reversal of the judgment of conviction.

In the first of said propositions it is insisted that when a defendant pleads an alibi the burden of proof is on the defendant to establish his alibi to the reasonable satisfaction of the jury only, and that in the instant case the court fell into error in charging the jury that "The burden is on the defendant to prove the truthfulness of his alibi." Exception was duly reserved to the above-quoted portion of the oral charge, and in support of this insistence we are cited the following authorities: Prince v. State, 100 Ala. 144, 14 So. 409, 410, 46 Am.St.Rep. 28; Roberson v. State, 25 Ala.App. 270, 144 So. 371; Johnson v. State, 223 Ala. 332, 135 So. 592. In Prince v. State, supra, the court said: "The court further charged the jury 'that the burden of proof is on the defendant to establish his alibi, and that it must be done to your satisfaction.'" The proof exacted of the defendant in this charge to establish the alibi is too high, in that it omitted the word "reasonable." The Supreme Court held this to be reversible error and the case was reversed. In our opinion the trial court here exacted a higher burden of the defendant than in the Prince Case, supra, in that the court did not charge that the alibi must be proven to their satisfaction, or to the reasonable satisfaction of the jury, but placed the burden, as stated, of proving the "truthfulness" of his alibi.

■ The correct rule, as to an alibi, has been definitely stated and announced in numerous decisions by the appellate courts of this State, and is to the effect the defense of an alibi is as legitimate and effective as any other; and whenever the evidence introduced supports this defense, and its effect is to create a reasonable doubt in the minds of the jury of the defendant's guilt, he is as much entitled to an acquittal as if the reasonable doubt had been created or produced by any other legitimate evidence.

■ The excerpt from the oral charge, above stated, and to which exception was reserved, remained with the jury throughout. Nowhere in its oral charge did the court correct said statement; so, if as contended, the court at a later period

of the charge, stated the correct rule, this did not and could not cure the manifest error already committed. "An erroneous charge cannot be cured by giving a correct one. The jury would be left in doubt as to which charge to follow—the correct or incorrect one." Bush v. State, 19 Ala.App. 650, 100 So. 307, 310.

Further: "A mere misleading oral charge may sometimes be cured by an explanatory written one; but this court has heretofore held, and properly so, that an erroneous oral charge is not cured by giving a written charge which correctly covers the proposition erroneously stated in the oral charge, as the jury would not know which to heed or follow." Vacalis v. State, 204 Ala. 345, 86 So. 92, 93.

Again: "The fact that the court, in a different part of the charge or by written charges, correctly stated the law, does not cure the defect or render the error harmless, unless in the correction the court specifically points out the error and corrects it." Cobb v. State, 20 Ala.App. 3, 100 So. 463, 465; Bush v. State, 19 Ala.App. 650, 100 So. 307.

Also: "It is true that afterwards in the oral charge and in a different connection the court stated the correct rule of self-defense as applicable to this case, which did not require retreat on the part of defendant, but nowhere in the oral charge or by charge in writing is this statement specifically modified or corrected. It therefore must stand and be considered as a part of the court's oral charge to the jury, by which they were to be governed in weighing the evidence and arriving at a verdict. This charge of the court puts too great a burden on the defendant." Brewington v. State, 19 Ala.App. 409, 97 So. 763, 764.

Under proposition 3, appellant insists that error prevailed in the court's ruling by allowing, over objection and exception, state witness A. L. Cobb, the husband of Missouri Cobb, to testify as to a conversation had with his wife some appreciable time after the offense was committed and the culprit had left the scene, wherein she related to him in detail the facts and circumstances of the act complained of and all the incidents in connection therewith, and that appellant was the person who committed the crime, etc. This conversation was, under the following authorities, no part of the res gestæ. The rulings complained of were patently er-

roneous and the exceptions reserved in this connection were well taken and are sustained. See Madry v. State, 201 Ala. 512, 78 So. 866; Hudson v. State, 217 Ala. 479, 481, 116 So. 800; Duncan v. State, 22 Ala.App. 382, 115 So. 856; Inman v. State, 23 Ala. App. 485, 127 So. 262; Bristow v. State, 23 Ala.App. 560, 129 So. 296. This point of decision needs no further discussion.

Proposition 4, relates to the following as stated in appellant's brief: "While Mrs. Cobb was testifying as a witness for the State which was in October, 1935, the Solicitor asked her regarding her health and as to her health compared with it at the time of the robbery, which was almost two years previous. The defendant objected on the ground that said question was irrelevant and immaterial, and would shed no light on the issues of the case. The Court overruled the objection and the witness answered that her health had been 'no account but very little since the robbery and that she was reasonably stout up until then.' Afterwards the Court did exclude her answer from the jury. We submit to the Court that under the authority of Stanley v. State, which was a robbery case, that this evidence was inadmissible, and we further submit that the action of the Court in excluding this testimony did not eradicate the injury done to the defendant as this type of evidence must have necessarily impressed and effected a jury and we submit further that its harmful effect could not have been, and was not eradicated from their minds. Stanley v. State, 18 Ala.App. 60, 88 So. 183."

The testimony above quoted was, as the trial court finally held, wholly illegal, irrelevant, incompetent, and inadmissible. The court, therefore, should not have allowed its introduction in the first place. The practice of first admitting and afterwards excluding from the jury patently illegal testimony has many times been disapproved by the appellate courts of this State. In the case of Booth v. State, 22 Ala.App. 508, 117 So. 492, 494, this court (through Samford, J.) said: "This is a practice sometimes resorted to by trial judges, but it is doubtful if the poison is ever extracted or the error so cured as not to seriously injure the defendant before the jury. In any event such a course is never approved and as was said by Sayre, J., in Maryland Cas. Co. v. McCallum, 200 Ala. 154, 75 So. 902: 'This court has always regarded the practice with cautious disap-

proval.'" Without quoting further, we refer to the following decisions as direct authority on this point of decision: Powe v. State, 19 Ala.App. 215, 96 So. 370; Davis v. State, 18 Ala.App. 482, 93 So. 269; Tuggle v. State, 19 Ala.App. 541, 98 So. 815; Brown v. State, 20 Ala.App. 39, 100 So. 616; Pelham v. State, 23 Ala.App. 359, 125 So. 688; Patterson v. State, 23 Ala. App. 428, 126 So. 420.

The remaining question (proposition 2) relates to the action of the court in overruling defendant's motion for a new trial. This question is properly presented. The motion for a new trial is based upon 29 separate and distinct grounds. We have given careful and attentive consideration to the entire motion and the exhaustive evidence offered in support thereof. We have reached the conclusion that reversible error prevailed in the action of the court in overruling and denying said motion. We shall not attempt to set out the evidence offered in support of the motion nor discuss in detail the numerous grounds thereof which were sustained by the evidence. In our opinion, the court should have promptly granted the motion, and, failing to do so, fell into reversible error.

The judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.