45 So.2d 332

### VICK v. ROGERS.
#### 6 Div. 831.

Court of Appeals of Alabama.
March 21, 1950.

J. Wagner Finnell and Wm. D. Partlow, Jr., of Tuscaloosa, for appellant.

Geo. Van Tassel, of Tuscaloosa, for appellee.

CARR, Judge.

This is a suit on a promissory note. In the court below the judgment was in favor of the plaintiff.

The evidence in appellee's behalf tends to show that he sold two Ford trucks to the appellant for $1250 each; that included in the sale was equipment not attached to the trucks for which the appellant agreed to pay $500 in excess of the purchase price of the trucks; that the appellant paid the $2500 and gave a note at the same time for the balance of $500 which represented the agreed price for the extra equipment. This note is the basis of this suit.

The appellant contends that it was agreed that the purchase price of the two trucks would be $3000; that this amount was in violation of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., and the note given in part payment was void for this reason.

In his oral charge the trial judge gave this instruction: "Now, if you chould find that the amount of the note should be reduced by reason of the trucks being sold for some amount more than the ceiling price and that the plaintiff is responsible for the ceiling price being fixed wrong, that is, if the ceiling price has been fixed wrong, and the plaintiff was responsible for that, of course, the plaintiff would not be entitled to recover—to collect above what the ceiling price would have been if he had given the true facts, and, therefore, the amount due on the note would be reduced accordingly. As an illustration, if he made some statement to the OPA office that caused the ceiling price to be fixed at $100 too much, then, his note would be reduced $100.00. If his statement to the OPA office caused his ceiling price to be $500 or more too much, he would not be entitled to collect anything in this suit."

Appellant excepted to this excerpt.

At the request of the appellant the court gave this written charge: "3. I charge you gentlemen of the jury, that if you believe from all the evidence in this case that the note on which the Plaintiff bases his case was given for an amount in excess of the ceiling price, then this note is void and the plaintiff may not recover."

It is apparent that the quoted portion of the oral charge is not in accord with the written charge.

■ Our courts are committed to the rule that a written charge which states the law correctly does not cure the error of the court stated in his oral instruction on the same subject. Smith v. State, 29 Ala.App. 212, 195 So. 290; Pinkerton v. State, 246 Ala. 540, 22 So.2d 113; Cadle v. State, 27 Ala.App. 519, 175 So. 327.

It follows that if the portion of the oral charge to which exceptions were reserved misstated the law error must be predicated thereon.

■ In the fairly recent case of Walker et al. v. Bailey, 33 Ala.App. 284, 33 So.2d 891, 896, certiorari denied 250 Ala. 287, 33 So.2d 898, this court held: "Contracts specially prohibited by law, or the enforcement of which violates the laws enacted for reg-

ulation and protection of private citizens are void and non-enforceable in the courts of this state."

We were there reviewing an alleged violation of the Emergency Price Control Act.

■ Judge Harwood, writing for this court, treated the matter at some length and cited many authorities in support of his view. It appears that this late decision settles the question in this jurisdiction and the position of the appellant must be sustained.

There are other assignments of error to which we will not respond. They relate to questions which will not likely reoccur on another trial.

For error indicated it is ordered that the judgment below be reversed and the cause remanded.

Reversed and remanded.